UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 04-33688
                                                                   Chapter 7
ROBERT CORNELIUS SADLER,

       Debtor.


GEORGIA LOTTERY                                                    Adv. Pro. No. 05-3013
CORPORATION,

       Plaintiff,

   v.

ROBERT CORNELIUS SADLER,

       Defendant.


**MEMORANDUM DECISION**

     This Adversary Proceeding is before the Court upon the motion for summary judgment filed by the Plaintiff Georgia Lottery Corporation. (Doc. 38). The motion is fully briefed. (Docs. 39, 40, 50, 56). A telephonic hearing was held on February 20, 2007, at 1:30 p.m. The Plaintiff was present by counsel William R. Jenkins. The Defendant was present by counsel Von G. Memory. For the reasons set forth below, the Court finds that the indebtedness owed by the Defendant to the Plaintiff is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). Therefore, the Plaintiff's motion for summary judgment is GRANTED.

# I. FACTS

The Defendant Robert Sadler was the president, sole director, and sole shareholder of Oil South, Inc. In 1995, he entered into twelve contracts with Georgia Lottery Corporation ("Georgia Lottery") on behalf of Oil South, whereby Oil South would become a lottery retailer. The contracts required Sadler to sell the lottery tickets and deposit the proceeds into a bank account for collection by Georgia Lottery. For the weeks of June 9, June 16, and June 23, of 2001, Sadler failed to deposit the proceeds in the dedicated bank accounts, and instead he diverted the funds to other uses.

On December 5, 2003, Georgia Lottery obtained a judgment against Sadler in the Superior Court for Muscogee County, Georgia, in the amount of $137,788.97, plus interest, costs, and attorneys' fees. (Doc. 38, Ex. A). The state court found that Sadler entered into several contracts with Georgia Lottery, and that each of these contracts created a fiduciary relationship. The court determined that Sadler had a fiduciary duty to preserve and account for the lottery proceeds. The court further found that Sadler's failure to remit the proceeds was a breach of his fiduciary duties to Georgia Lottery. (Id.).

On December 23, 2004, Sadler filed for relief under Chapter 7 of the Bankruptcy Code. (Case No. 04-33688). On February 23, 2005, Georgia Lottery brought this Adversary Proceeding against Sadler seeking to hold the outstanding debts nondischargeable under 11 U.S.C. § 523(a)(4). Because Georgia Lottery has received payment of $15,715.28, and due to interest at a rate of 0.58% monthly, Georgia Lottery seeks to hold a total of $131,294.69, plus attorneys' fees and costs, nondischargeable.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

Georgia Lottery seeks a determination from this Court that the indebtedness owed to it by Sadler is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a "core proceeding" for which the Bankruptcy Court may enter a final judgment. 28 U.S.C. § 157(b)(2)(I).

### B. Summary Judgment Standard

Summary judgment is only proper when there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "When a party moves for summary judgment, the court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002). The court does not "weigh the evidence to determine the truth of the matter, but solely determines whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The initial burden is on the moving party to prove that there are no material facts in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden then shifts to

the non-moving party to establish that there are material facts in dispute. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented." Thomas, 214 F.Supp.2d at 1231. If there are any material facts in dispute, summary judgment must be denied. Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).

### C. Discussion

#### 1. Issue Preclusion

Georgia Lottery seeks a determination that the debt owed by Sadler is nondischargeable under 11 U.S.C. § 523(a)(4). In seeking summary judgment on this issue, Georgia Lottery advances the argument that under the doctrine of issue preclusion, also referred to as collateral estoppel, the existence of the state court judgment precludes Sadler from relitigating or disputing any factual issues that were decided by the state court.

It well decided that Bankruptcy Courts may invoke issue preclusion to prevent the "relitigation of facts actually and necessarily litigated in a state court action." Halpern v. First Georgia Bank (In re Halpern), 810 F.2d 1061, 1063 (11th Cir. 1987); see also, Grogan v. Garner, 498 U.S. 279, 285 n.11 (1991) (stating that issue preclusion applies in dischargeability proceedings brought under 11 U.S.C. § 523(a)). Issue preclusion bars relitigation "if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate" in the earlier case. St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 675 (11th Cir. 1993) (citing to Allen v. McCurry, 449 U.S. 90, 101 S.Ct.

411, 66 L.Ed.2d 308 (1980)). However, if the prior decision was rendered by a state court, then that state's law on issue preclusion is applied. St. Laurent, 991 F.2d at 675-76.

Under the Eleventh Circuit guidelines, Georgia law on issue preclusion is determinative in this case. In Georgia, issue preclusion prevents the "re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." Jenkins v. Jenkins, 637 S.E.2d 56, 61 (Ga. Ct. App. 2006). Furthermore, issue preclusion "does not require identity of the claim – so long as the issue was determined in the previous action and there is identity of the parties, the issue may not be re-litigated, even as part of a different claim." Id.

Georgia Lottery seeks to apply issue preclusion to the specific factual findings of the state court, and thus, bar Sadler from relitigating those findings. The factual findings at issue are as follows: Georgia Lottery sued Sadler in the Superior Court of Muscogee County, Georgia. The court entered its judgment on December 5, 2003, granting summary judgment in favor of Georgia Lottery and awarding damages. (Doc. 38, Ex. A). In its Order, the state court made specific factual findings concerning the relationship between Sadler and Georgia Lottery. The court found that Oil South entered into twelve contracts with Georgia Lottery, which authorized Oil South to sell lottery tickets. The contracts required Oil South to deposit the proceeds of the sales into a separate bank account for collection by Georgia Lottery. The court determined that for the weeks of June 9, June 16, and June 23, of 2001, Sadler failed to deposit the proceeds, and instead, used the money to pay his own outstanding debts. The court determined that, as a matter of law, Sadler breached his fiduciary duties to Georgia Lottery. The court further found

that during the time in question Sadler was the president, sole shareholder, and sole director of Oil South, and that as such, he was personally liable for the debt to Georgia Lottery. (Id.).

As discussed above, under the Eleventh Circuit guidelines and Georgia law, there are four requirements for issue preclusion to apply. First, the parties in both actions must be the same. Second, the issue must be identical to the issue that was resolved in the earlier action. Jenkins, 637 S.E.2d at 61. Third, the party against whom issue preclusion is asserted must have had a "full and fair opportunity" to litigate in the earlier case. St. Laurent, 991 F.2d at 675. Last, the previous court must have decided the case on the merits. Jenkins, 637 S.E.2d at 61.

The first condition is clearly met as the parties are the same: Sadler is the defendant in both actions, and Georgia Lottery is the plaintiff in both actions. The second requirement is also met here. The factual issues that Georgia Lottery seeks to prove in this Court have already been decided by the state court. The third and fourth elements are also met here. Based on the order granting summary judgment entered by the state court, it is clear that the court ruled against Sadler based on the merits of the case. Furthermore, Sadler appeared in the state case with a full and fair opportunity to litigate his position in that court. Sadler had ample opportunity to dispute the factual finds in the state court. He may not then come to Bankruptcy Court to relitigate those findings. Therefore, this Court finds that the elements of issue preclusion are satisfied. The factual findings made by the state court are determinative here.

### 2. Nondischargeability under 11 U.S.C. § 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> * * *
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4). Georgia Lottery alleges that Sadler committed defalcation while acting in a fiduciary capacity. In order for a debt to be nondischargeable based on defalcation, the creditor must prove three requirements: (1) the debtor stood in a fiduciary relationship with the creditor; (2) the fiduciary relationship existed prior to the creation of the debt; and (3) the debt resulted from an act of defalcation. Quaif v. Johnson, 4 F.3d 950, 953-55 (11th Cir. 1993).

Although defalcation is not defined in the Bankruptcy Code, the Eleventh Circuit holds that "[d]efalcation refers to a failure to produce funds entrusted to a fiduciary." Guerra v. Fernandez-Rocha (In re Fernandez-Rocha), 451 F.3d 813, 817 (11th Cir. 2006). The Bankruptcy Courts for the Northern, Middle, and Southern Districts of Georgia have all determined that failure to deposit lottery proceeds in a dedicated bank account is a defalcation under § 523(a)(4). In Georgia Lottery Corp. v. Farhan (In re Farhan), 2004 Bankr. LEXIS 2267 (Bankr. N.D. Ga. Sept. 20, 2004), the bankruptcy court held that the debtor's failure to remit lottery proceeds totaling about $27,000 to Georgia Lottery was a defalcation within the meaning of § 523(a)(4). In Georgia Lottery Corp. v. Thompson (In re Thompson), 296 B.R. 563, 566 (Bankr. M.D. Ga. 2003), the bankruptcy court held that the debtor's failure to remit lottery proceeds of about $6,000 to Georgia Lottery was a

defalcation within the meaning of § 523(a)(4). In <u>Georgia Lottery Corp. v. Washington (In re Washington)</u>, Adv. Pro. No. 01-1079A (Bankr. S.D. Ga. May 23, 2002), the bankruptcy court held that the debtor's failure to maintain a separate bank account and failure to remit lottery proceeds of about $6,000 to Georgia Lottery was a defalcation within the meaning of § 523(a)(4).

As all the of the elements of 11 U.S.C. § 523(a)(4) were determined by the Superior Court of Muscogee County, Georgia, the doctrine of issue preclusion precludes this Court from revisiting those findings. Therefore, this Court holds that Sadler's debt to Georgia Lottery is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The state court found that Sadler breached his duties while acting in a fiduciary capacity. Under the facts of this case, as determined by the state court, Sadler's breach was a defalcation within the meaning of § 523(a)(4).

### III. CONCLUSION

Having found no genuine issues as to whether the failure to remit the lottery proceeds to Georgia Lottery constitutes a defalcation of within the meaning of 11 U.S.C. § 523(a)(4), this Court grants summary judgment in favor of the Plaintiff. The indebtedness owed by the Sadler is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). The Court will enter judgment by way of a separate document in accordance with this Memorandum Decision.

Done this the 26th day of February, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge